# COLLECTIVE EXHIBIT A



State of Tennessee

## Department of State

Division of Business Services
Wm. R. Snodgrass Tower
312 Rosa L. Parks Avenue, 6th Floor
Nashville, Tennessee 37243

11/16/2012                           70111570000340501287
Date                                 Certified Number

File No:    12-CV-203

Company:    **SUN HEALTHCARE GROUP, INC**

Name:

Agent/POE:  REG AGENT CSC OF LEA COUNT, INC

Address:    1819 N. TURNER ST., SUITE G
            HOBBS, NM 88240

Country:

RE:   ARCHIE COOK, JR., INDIVIDUALLY AND ON BEHALF OF THE WRONGFUL
      DEATH BENEFICIARIES OF SHIRLEY I COOK

VS:   SUN HEALTHCARE GROUP, INC, SUNDRIDGE HEALTHCARE, LLC,
      SUNBRIDGE OF HARRIMAN, LLC, D/B/A RENIASSANCE TERRACE CARE
      AND REHABILIATATION CENTER

### Notice of Service

The enclosed summons and attachments are hereby officially served upon you by the Office of the Tennessee Secretary of State pursuant to Tennessee Law. Please refer to the summons and attachments for details concerning the lawsuit filed against you. If you have any questions, please contact the clerk of the court which issued the summons. You can obtain the court's telephone number by calling information (area code) 555-1212. The name of the court and county where the court is located will be on the attached summons.

The summons will either tell you a court date and time at which you must appear to defend yourself or tell you the number of days from the day you are served within which you must file an answer upon the plaintiff's attorney. Failure to appear in court at the time specified or failure to answer the summons within the given time could result in a judgement by default being rendered against you for relief sought in the lawsuit.

The Secretary of State's Office cannot give you legal advice. If you need legal advice, please consult a private attorney.

Sincerely,

Tre Hargett
Secretary of State

enclosures
Initial:  JAC
CC:

SS-4214 (Rev. 3/97)                                      RDA 1003

STATE OF TENNESSEE
COUNTY OF ROANE

I, KIM NELSON, General Sessions Court Clerk for Roane County, do hereby certify that the within is a true and perfect copy of the civil warrant issued for the defendant _Sun Healthcare Group Lic_ Through the Secretary of State for the State of Tennessee, in the case of:

_Archie Cook_

VS

_Sun Healthcare Group Inc_

Case Number _12-CU-203_

Filed in this office on the ___8___ day of ___November___, 20_12_.

KIM NELSON, Clerk

By: _____ D.C.

IN THE CIRCUIT COURT OF ROANE COUNTY, TENNESSEE

ARCHIE COOK, JR., Individually and )
On Behalf of the Wrongful Death Beneficiaries )
Of SHIRLEY I. COOK, )
)
    Plaintiff, )    Case No. *12-CV-203*
)
    vs. )    Division _____
)
SUN HEALTHCARE GROUP, INC, )    **JURY DEMANDED**
SUNBRIDGE HEALTHCARE, LLC )
SUNBRIDGE OF HARRIMAN, LLC, d/b/a )
RENIASSANCE TERRACE CARE AND )
REHABILIATION CENTER )
)
    Defendants. )

## SUMMONS

**To:    Defendant:  Sun Healthcare Group, Inc. can be served through its registered agent: CSC of Lea County, Inc., 1819 N. Turner St., Suite G, Hobbs, NM 88240.**

    You are hereby summoned and required to serve upon Jacob C. Parker, Plaintiff's attorney, whose address is P.O. Box. 21941, Chattanooga, Tennessee 37424-0941, an answer to the Complaint for Damages herewith served upon you within thirty (30) days after service of this Summons and Complaint for Damages upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the Complaint for Damages.

    Issued and tested this **8** day of **November**, 2012.

_Kim Nelson_
Clerk

_Pam Hook_
Deputy Clerk

2012 NOV 15 AM 8: 46
RECEIVED STATE OF TENNESSEE
THE HARGETT
SECRETARY OF STATE

# NOTICE

To:    Defendant

Tennessee law provides a Four Thousand Dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

# SERVICE INFORMATION

**To:    Defendant: Sun Healthcare Group, Inc. can be served through its registered agent: CSC of Lea County, Inc., 1819 N. Turner St., Suite G, Hobbs, NM 88240.**

## RETURN

I received this summons on the _____ day of _____, 2012.

I hereby certify and return that on the _____ day of _____, 2012, I

[  ] served this Summons and Complaint for Damages on Defendant, _____ _____, in the following manner:

_____

_____

_____.

[  ] failed to serve this Summons within thirty (30) days after its issuance because:

_____

_____

_____.

_____
Process Server

2



State of Tennessee

## Department of State

Division of Business Services
Wm. R. Snodgrass Tower
312 Rosa L. Parks Avenue, 6th Floor
Nashville, Tennessee 37243

<u>11/16/2012</u>                    70111570000340501270
Date                             Certified Number

File No:    <u>12-CV-203</u>

Company:    **SUNBRIDGE HEALTHCARE, LLC**

Name:

Agent/POE:    REG AGENT CSC OF LEA COUNT, INC

Address:    1819 N. TURNER ST., SUITE G
            HOBBS, NM 88240

Country:

RE:    ARCHIE COOK, JR., INDIVIDUALLY AND ON BEHALF OF THE WRONGFUL
       DEATH BENEFICIARIES OF SHIRLEY I COOK

VS:    SUN HEALTHCARE GROUP, INC, SUNDRIDGE HEALTHCARE, LLC,
       SUNBRIDGE OF HARRIMAN, LLC, D/B/A RENIASSANCE TERRACE CARE
       AND REHABILIATATION CENTER

### Notice of Service

The enclosed summons and attachments are hereby officially served upon you by the Office of the Tennessee
Secretary of State pursuant to Tennessee Law. Please refer to the summons and attachments for details concern-
ing the lawsuit filed against you. If you have any questions, please contact the clerk of the court which issued the
summons. You can obtain the court's telephone number by calling information (area code) 555-1212. The name of
the court and county where the court is located will be on the attached summons.

The summons will either tell you a court date and time at which you must appear to defend yourself or tell you
the number of days from the day you are served within which you must file an answer upon the plaintiff's attorney.
Failure to appear in court at the time specified or failure to answer the summons within the given time could result in
a judgement by default being rendered against you for relief sought in the lawsuit.

The Secretary of State's Office cannot give you legal advice. If you need legal advice, please consult a private
attorney.

Sincerely,

Tre Hargett
Secretary of State

enclosures
Initial:    JAC
CC:

SS-4214 (Rev. 3/97)

ROA 1003

STATE OF TENNESSEE
COUNTY OF ROANE

I, KIM NELSON, General Sessions Court Clerk for Roane County, do hereby certify that the within is a true and perfect copy of the civil warrant issued for the defendant _Sunbridge, Healthcare LLC_ Through the Secretary of State for the State of Tennessee, in the case of:

_Archie Cooks_

vs

_Sunbridge Healthcare_

Case Number _12-CV-203_

Filed in this office on the _8_ day of _November_, 20_12_.

KIM NELSON, Clerk

By: _Pam Hooks_ D.C.

# IN THE CIRCUIT COURT OF ROANE COUNTY, TENNESSEE

ARCHIE COOK, JR., Individually and )
On Behalf of the Wrongful Death Beneficiaries )
Of SHIRLEY I. COOK, )
          )
    Plaintiff, )    Case No. *12-CV-203*
          )
    vs. )    Division _____
          )
SUN HEALTHCARE GROUP, INC, )    JURY DEMANDED
SUNBRIDGE HEALTHCARE, LLC )
SUNBRIDGE OF HARRIMAN, LLC, d/b/a )
RENIASSANCE TERRACE CARE AND )
REHABILIATION CENTER )
          )
    Defendants. )

## SUMMONS

To:    **Defendant: Sunbridge Healthcare, LLC, can be served through its registered agent: CSC of Lea County, Inc., 1819 N. Turner St., Suite G, Hobbs, NM 88240.**

    You are hereby summoned and required to serve upon Jacob C. Parker, Plaintiff's attorney, whose address is P.O. Box. 21941, Chattanooga, Tennessee 37424-0941, an answer to the Complaint for Damages herewith served upon you within thirty (30) days after service of this Summons and Complaint for Damages upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the Complaint for Damages.

    Issued and tested this __8__ day of __November__, 2012.

_____
Clerk

_____
Deputy Clerk

STATE OF TENNESSEE
RECEIVED
2012 NOV 15 AM 8: 46
TRE HARGE11
SECRETARY OF STATE

## NOTICE

To:     Defendant

Tennessee law provides a Four Thousand Dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

## SERVICE INFORMATION

**To:     Defendant Sunbridge Healthcare, LLC. can be served through its registered agent: CSC of Lea County, Inc., 1819 N. Turner St., Suite G, Hobbs, NM 88240.**

## RETURN

I received this summons on the _____ day of _____, 2012.

I hereby certify and return that on the _____ day of _____, 2012, I

[ ] served this Summons and Complaint for Damages on Defendant, _____ _____, in the following manner:

_____

_____

_____.

[ ] failed to serve this Summons within thirty (30) days after its issuance because:

_____

_____

_____.

_____
Process Server

2

IN THE CIRCUIT COURT OF ROANE COUNTY, TENNESSEE

ARCHIE COOK, JR., Individually and )
On Behalf of the Wrongful Death Beneficiaries )
Of SHIRLEY I. COOK, )
                         )
      Plaintiff, )    Case No. _12-CU-203_
                         )
      vs. )    Division _____
                         )
SUN HEALTHCARE GROUP, INC, )    **JURY DEMANDED**
SUNBRIDGE HEALTHCARE, LLC )
SUNBRIDGE OF HARRIMAN, LLC, d/b/a )
RENAISSANCE TERRACE CARE AND )
REHABILIATION CENTER )
                         )
      Defendants. )

## SUMMONS

**To:    Defendant:  Sunbridge of Harriman, LLC, d/b/a Renaissance Terrace Care & Rehabilitation Center can be served through its registered agent: Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.**

      You are hereby summoned and required to serve upon Jacob C. Parker, Plaintiff's attorney, whose address is P.O. Box. 21941, Chattanooga, Tennessee 37424-0941, an answer to the Complaint for Damages herewith served upon you within thirty (30) days after service of this Summons and Complaint for Damages upon you, exclusive of the day of service. If you fail to do so, judgment by default can be taken against you for the relief demanded in the Complaint for Damages.

      Issued and tested this **8** day of ___November___, 2012.


_Ki Nelson_
Clerk

_Dan Hook_
Deputy Clerk

# NOTICE

To:     Defendant

Tennessee law provides a Four Thousand Dollar ($4,000) personal property exemption from execution or seizure to satisfy a judgment. If a judgment should be entered against you in this action and you wish to claim property as exempt, you must file a written list, under oath, of the items you wish to claim as exempt with the clerk of the court. The list may be filed at any time and may be changed by you thereafter as necessary; however, unless it is filed before the judgment becomes final, it will not be effective as to any execution or garnishment issued prior to the filing of the list. Certain items are automatically exempt by law and do not need to be listed; these include items of necessary wearing apparel for yourself and your family and trunks or other receptacles necessary to contain such apparel, family portraits, the family Bible, and school books. Should any of these items be seized, you would have the right to recover them. If you do not understand your exemption right or how to exercise it, you may wish to seek the counsel of a lawyer.

# SERVICE INFORMATION

**To:     Defendant Sunbridge of Harriman, LLC, d/b/a Renaissance Terrace Care & Rehabilitation Center can be served through its registered agent: Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203.**

# RETURN

I received this summons on the _____ day of _____, 2012.

I hereby certify and return that on the _____ day of _____, 2012, I

[ ] served this Summons and Complaint for Damages on Defendant, _____ _____, in the following manner:

_____
_____
_____.

[ ] failed to serve this Summons within thirty (30) days after its issuance because:

_____
_____
_____.

_____
Process Server

2

IN THE CIRCUIT COURT OF ROANE COUNTY, TENNESSEE

| | |
|---|---|
| ARCHIE COOK, JR., Individually and<br>On Behalf of the Wrongful Death Beneficiaries<br>Of SHIRLEY I. COOK,<br><br>      Plaintiff,<br><br>      vs.<br><br>SUN HEALTHCARE GROUP, INC,<br>SUNBRIDGE HEALTHCARE, LLC<br>SUNBRIDGE OF HARRIMAN, LLC, d/b/a<br>RENIASSANCE TERRACE CARE and<br>REHABILIATION CENTER<br><br>      Defendants. | Case No. 12-CV-203<br><br>Division _____<br><br>JURY DEMANDED |

Filed 11-2-8-20[illegible] Time [illegible] D.C.<br>KIM R. NELSON<br>By [signature]

## COMPLAINT FOR DAMAGES

      Plaintiff, Archie Cook, Jr., Individually and on behalf of the Wrongful Death Beneficiaries of Shirley I. Cook files his Complaint for Damages against Defendants, accompanying Affidavit of Compliance and Certificate of Good Faith, and for his cause of action states as follows:

## I. INTRODUCTION & DEFINITIONS

      1.    All allegations in this Complaint are based upon information and belief except for those allegations that pertain to the Plaintiff, the persons, and Plaintiff's counsel. Plaintiff's information and belief are based upon, *inter alia,* the investigation conducted to date by Plaintiff and his counsel. Each allegation in this Complaint has either evidentiary support or is likely to have evidentiary support after a reasonable opportunity for further investigation and discovery.

      2.    The acts and omissions of the Sun Defendants as further defined and set out below are violations of the Tennessee Nursing Home Resident's Rights Act (Tenn. Code Ann. 68-11-101, *et. seq.)* and its implementing regulations (Nursing Home Rules and Regulations 1200-8-6, *et. seq.),* as well as the Tennessee Adult Protection Act (Tenn. Code An. 71-6-101, *et. seq.).*

3.    Plaintiff contends that the violation of the statutes and regulations set out in the preceding paragraph gives rise to separate causes of action against the Sun Defendants. Moreover, the Sun Defendants' violations of such statutes and regulations are evidence of ordinary negligence.

4.    Whenever the term "Defendant" is used in this action, such term refers to and includes all named Defendants in this lawsuit.

5.    Whenever the term "Corporate Defendants" is used in this action, such term refers to and includes all named Defendants even if their business entity form is not a corporation, but may also include the business entity form of a partnership, limited partnership, limited liability company or otherwise.

6.    Whenever the terms "the facility" or "the nursing home" are used in this action, such terms refer to and mean Sunbridge of Harriman, LLC d/b/a Renaissance Terrace Care and Rehabilitation Center (hereinafter "Renaissance Terrace") located in Roane County, Tennessee at 257 Patton Lane, Harriman, Tennessee 37748.

7.    Whenever it is alleged in this action that the Defendants or the Corporate Defendants did any act or thing, it means that the officers, agents, or employees of the designated corporation and/or business entity respectively performed, participated in, or failed to perform such acts or things while in the course and scope of their employment or agency relationships with the Defendants or the Corporate Defendants.

## II. PLAINTIFF

8.    At all times relevant to this cause of action, Archie Cook, Jr., was an adult resident citizen of Roane County, Tennessee.

9.    Shirley I. Cook was a resident of Renaissance Terrace, a facility owned, operated and/or managed by the Sun Defendants, from February 8, 2009 through December 20, 2011, when she died.

10.    At all times during her residency, Shirley I. Cook was unable to attend to her own affairs, disabled, and incompetent within the meaning of Tenn. Code Ann. 28-1-106. Accordingly, the foregoing savings statute has tolled the limitations period for Shirley I. Cook's claims against these Defendants.

2

11.    Archie Cook, Jr. brings this action to recover damages for Ms. Cook's physical pain and suffering; mental anguish; disfigurement; loss of dignity and respect, violation of her rights under the Tennessee Adult Protection Act; violation of her rights under the Tennessee Nursing Home Resident's Rights Act; reimbursement of her medical expenses; as well as any other compensation and/or relief, including but not limited to, attorneys' fees to which Plaintiffs are entitled. Archie Cook, Jr. also brings this action on behalf of Shirley I. Cook's wrongful death beneficiaries to recover the full value of the life of their mother, Shirley I. Cook, and for their individual losses of consortium.

### III. DEFENDANTS

12.    Defendant, Sun Healthcare Group, Inc. is a foreign corporation that at times material to this lawsuit engaged in business in Tennessee. The causes of action made the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, and/or control of Renaissance Terrace. Sun Healthcare Group, Inc. may be served with process through its registered agent, CSC of Lea County, Inc., 1819 N. Turner St., Suite G, Hobbs, New Mexico 88240.

13.    Defendant, Sunbridge Healthcare, LLC is a foreign limited liability company that at times material to this lawsuit was engaged in business in Tennessee. The causes of action made the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, and/or control of Renaissance Terrace. Sunbridge Healthcare, LLC may be served with process through its registered agent, CSC of Lea County, Inc., 1819 N. Turner St., Suite G, Hobbs, New Mexico 88240.

14.    Defendant, Sunbridge of Harriman, LLC d/b/a Sunbridge Terrace Care & Rehabilitation Center is a domestic limited liability company that at times material to this lawsuit was engaged in business in Tennessee and was the "licensee" authorized to operate the facility under the name of Sun Healthcare, Group, Inc. in Harriman, Roane County, Tennessee. The causes of action made the basis of this suit arise out of such business conducted by said Defendant in the ownership, operation, management, and/or control of Renaissance Terrace. Sunbridge of Harriman, LLC d/b/a Renaissance Terrace Care and Rehabilitation Center may be served with process through its registered agent, Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37748.

3

15. Defendants' contacts with the State of Tennessee form the basis of personal jurisdiction in this case. The injuries forming the basis of this lawsuit were a product of the corporate and financial policies designed, formulated, and implemented by Defendants.

16. Venue for this action properly lies in Roane County, Tennessee because the actions and omissions forming the basis of this suit arose in Roane County.

17. Plaintiff has complied with the notice provisions of T.C.A. 29-26-121(a) as demonstrated by the simultaneously filed Affidavit of Compliance **(Exhibit "A")** and Certificate of Good Faith **(Exhibit "B").**

18. Plaintiff has complied with the notice provisions of T.C.A. 29-26-121(a) by having mailed, certified mail return receipt requested, notice of the claim to the Defendants at both the addresses listed for the Defendants on the Tennessee Department of Health Website, and at the Defendants' current business address, all of which is evidenced by the attached Affidavit of Compliance and Exhibits thereto. More specifically, notice was sent to the Defendants via certified mail, return receipt requested, with a certificate of mailing, on June 1, 2012.

19. Notice was provided pursuant to T.C.A. 29-26-121(a) within one year of the alleged malpractice or the discovery of alleged malpractice.

20. This Complaint is filed more than sixty (60) days after service of notice pursuant to T.C.A. 29-26-121(a).

21. This Complaint is filed within one year and one hundred twenty (120) days of the alleged medical malpractice or the date of discovery of alleged medical malpractice.

22. This Complaint is timely filed.

## IV. NATURE OF DEFENDANTS' LIABILITY

23. **Alter Ego:** Defendants, Sunbridge Healthcare, LLC and Sunbridge of Harriman, LLC d/b/a Renaissance Terrace Care and Rehabilitation Center were a mere conduit through which Defendant, Sun Healthcare Group, Inc., did business. The management and the operations of Sunbridge Healthcare, LLC and Sunbridge of Harriman, LLC d/b/a Renaissance Terrace Care and Rehabilitation Center were so

assimilated within the parent, Sun Healthcare Group, Inc., to the extent that the aforementioned subsidiaries were simply a name through which the parent, Sun Healthcare Group, Inc. conducted its business. Moreover, Sun Healthcare Group, Inc., represented to the public that the aforementioned subsidiaries were part of one single economic enterprise known as Sun Healthcare Group, Inc. Said parent corporation completely dominated and controlled the business affairs of its subsidiaries insomuch as the subsidiaries were mere tools of Sun Healthcare Group, Inc.

24. **Agency:** In the alternative, at all times material to this suit, Defendants, Sunbridge Healthcare, LLC and Sunbridge of Harriman, LLC d/b/a Renaissance Terrace Care and Rehabilitation Center acted as agents of Sun Healthcare Group, Inc. As such, Defendant, Sun Healthcare Group, Inc. ratified or authorized the acts or omissions of Defendants, Sunbridge Healthcare, LLC and Sunbridge of Harriman, LLC d/b/a Renaissance Terrace Care and Rehabilitation Center.

25. **Joint Enterprise:** In the alternative, to the extent that the Defendants are found to be separate corporate entities and would not be liable for the acts of each other under theories that allow looking beyond the corporate fiction, each Defendant remains liable for the acts of the others because the Defendants operated their business as a joint enterprise. Defendants engaged in a joint venture and acted in concert in the operation, management, and maintenance of Renaissance Terrace. These entities entered into an agreement with the common purpose of operating, managing, and maintaining Renaissance Terrace. These entities had an equal right to control their venture as a whole, as well as to control the operation and management of the subject facility.

## V. FACTS

26. Upon information and belief, Shirley I. Cook was admitted as a resident to Renaissance Terrace on, February 8, 2009 where she remained until her death on December 20, 2011.

27. At the time of Ms. Cook's admission to Renaissance Terrace, the Sun Defendants represented that they were competent to provide Ms. Cook with the necessary custodial services, medical treatment and care she needed.

5

28.     On or about November 20, 2011, Ms. Cook was struck by a food cart operated by one of Defendants' custodial caregivers (i.e. a certified nursing assistant). The impact caused Ms. Cook to fall to the ground.

29.     On or about November 20, 2011, Ms. Cook was transferred to Roane Medical Center where she was diagnosed with a basilar neck fracture to her left hip and an additional fracture through the tip of her greater trochanter. Following surgical repair of her fractures, Ms. Cook remained at Roane Medical Center until November 23, 2011 when she was discharged back to the care of Renaissance Terrace.

30.     Ms. Cook remained at Renaissance Terrace until her death on December 20, 2011.

31.     By reason of the Defendants' ongoing neglect, Ms. Cook was allowed to suffer physical and emotional injuries, which included, but were not limited to, a fractured hip; pressure sores; weight loss; permanent disfigurement; and death.

32.     As a result of these injuries, Ms. Cook required medical attention and her overall health deteriorated causing unnecessary physical suffering, mental anguish and death.

33.     The injuries described in this Complaint are a direct and proximate result of the acts or omissions set forth herein, singularly or in combination.

## COUNT I

## INJURIES CAUSED BY DEFENDANTS'
## ORDINARY NEGLIGENCE

34.     This is a claim for ordinary negligence and does **not involve** a decision, act, or omission requiring knowledge of medical science or specialized training or skill. The acts or omissions complained of herein may be assessed by the trier of fact on the basis of common, everyday experiences. The acts or omissions complained of herein are intended to involve solely custodial neglect and not medical malpractice. *See Estate of French v. Stratford House,* 2011 Tenn. LEXIS 9 (January 26, 2011).

33.     Plaintiff re-alleges and incorporates the allegations in paragraphs 1-33 as if fully set forth herein.

34. Defendants owed a duty to their residents, including Shirley Cook, to provide custodial care, treatment and services within accepted standards of care of nursing homes.

35. Defendants owed a duty to their residents, including Shirley Cook, to hire, train, and supervise employees to deliver custodial care and services to residents in a safe and beneficial manner.

36. Defendants breached the duties owed to their residents, including Shirley Cook, and were negligent in their non-medical, ordinary care and treatment of Shirley Cook by and through their acts and omissions, which were within the understanding of an ordinary lay person and did not require medical training, assessment or diagnosis, including but not limited to, the following:

A. Failure to provide sufficient numbers of certified nursing assistants to ensure the nursing home met the custodial, non-medical needs of Ms. Cook, including but not limited to, food, water, baths, showers, grooming, incontinent care, personal attention and care to her skin, feet, nails, and oral hygiene;

B. Failure to administer the facility in such a manner as to provide the facility with adequate resources to ensure sufficient non-medical (C.N.A.) staffing and supplies, such as diapers, linens, and towels were available to care for all residents, including Ms. Cook;

C. Failure to provide sufficient numbers of non-licensed staff to follow Ms. Cook's care plans and to prevent Ms. Cook's needs from being ignored;

D. Failure to provide adequate supervision and oversight to non-licensed personnel to ensure that Ms. Cook received adequate and proper custodial care;

E. Failure to provide adequate overall custodial (non-medical) care;

F. Failure to provide adequate and appropriately trained non-licensed staff and supervision to such personnel as to ensure that Ms. Cook received adequate and proper custodial care, adequate hydration, and warm and palatable meals;

G. Failure to adopt adequate guidelines, policies and procedures for documenting, maintaining files, investigating and responding to concerns regarding the custodial, non-medical care of residents;

7

H.     Failure by the members of the governing body of the nursing home to discharge their legal and lawful obligation by:

(1)  ensuring that the rules and regulations designed to protect the health and safety of residents, such as Shirley Cook, as promulgated by the Tennessee Legislature and corresponding regulations implemented expressly pursuant thereto by the Tennessee Department of Health and its agents, including the Division of Health Care Facilities, were consistently complied with on an ongoing basis;

(2)  ensuring that the resident care policies for the facility were consistently in compliance on an ongoing basis; and

(3)  responsibly ensuring that appropriate corrective measures were implemented to correct problems concerning inadequate resident care (non-medical).

I.      Failure of non-medical personnel to maintain records in accordance with accepted standards and practices that are complete, accurately documented, readily accessible, and systematically organized with respect to Ms. Cook;

J.      Failure to provide basic and necessary non-medical care and supervision during Shirley Cook's residency;

K.      Failure to protect Ms. Cook from abuse and neglect during her residency;

L.      Failure to treat Ms. Cook with kindness and respect;

M.      Failure of high managerial agents and corporate officers to adequately hire, train, supervise and retain the administrator and other staff so as to assure that Ms. Cook received care in accordance with Defendants' policies and procedures;

N.      Making false, misleading, and deceptive representations to the quality of care, treatment and services provided by the facility to their residents, including Shirley Cook; and

O.      Failure to provide adequate training, supervision and oversight to non-licensed personnel in the safe operation of non-medical equipment, including but not limited to, food carts.

37.     Each of the acts or omissions set forth within this section operating singularly or in combination was a direct and proximate cause of the injuries, and damages described in this Complaint.

8

38.     Shirley Cook's injuries were the result of Defendants' administrative decisions, including short-staffing Renaissance Terrace, which affected all residents of the nursing home, including Ms. Cook. Defendants' administrative decisions were made for the benefit of all residents at the facility and without Shirley Cook's specific care or treatment in mind.

39.     Defendants administrative decisions led to inadequate conditions at Renaissance Terrace that caused the Tennessee Department of Health and Human Services to cite the nursing home for numerous deficiencies. Defendants' decisions to provide Renaissance Terrace with insufficient resources resulted in the facility being understaffed and undersupplied, which led to Shirley Cook's injuries.

40.     Additionally, at all times during Shirley Cook's residency at Renaissance Terrace, she was a "resident" pursuant to T.C.A. 68-11-901, *et. seq.*, "The Tennessee Nursing Home Residents Rights Act" ("TNHRRA"), and the corresponding regulations implemented expressly pursuant thereto by the Tennessee Department of Health and its agents, including the Division of Health Care Facilities, namely the Nursing Home Rules and Regulations 1200-8-6, *et. seq*. Accordingly, Shirley Cook is a member of the class that TNHRRA is intended to protect.

41.     As a resident, Ms. Cook had the right:

A.     To receive assistance when needed in maintaining body hygiene;

B.     To have her family notified immediately about anything unusual involving her;

C.     To be free from willful abuse and neglect as those terms are defined by T.C.A. 71-6-102, and;

D.     To be treated with consideration, respect and full recognition of her full dignity.

42.     Shirley Cook was injured, as described herein, as a direct result of the acts or omissions of Corporate Defendants as set forth above, which constitute a violation of TNHRRA, as well as 42 CFR 483.10, *et. seq.*, and the Nursing Home Regulations of the Tennessee Department of Health, Rules of the Tennessee Department of Health Board for Licensing Healthcare Facilities, Chapter 1200-8-6, *et. seq*, and are evidence of negligence. Violation of the foregoing federal and state regulations governing nursing

9

homes also constitutes negligence *per se*. The injuries Shirley Cook suffered were of the type that TNHRRA is designed to prevent.

43.    WHEREFORE, by reason of the allegations set forth within this section, Plaintiff seeks compensatory damages and punitive damages against Defendants in an amount to be determined by a jury, plus costs and any other relief to which Plaintiff is entitled to recover by law.

## COUNT II

## DEFENDANTS' GROSS NEGLIGENCE, WILLFUL, WANTON, RECKLESS, MALICIOUS AND/OR INTENTIONAL CONDUCT

44.    Plaintiff re-alleges and incorporates by reference the allegations in paragraphs 1-43 as if fully set forth herein.

45.    The longevity, scope, and severity of Defendants' failures and actions and their consciously indifferent actions with regard to the welfare and safety of helpless residents, such as Shirley Cook, constitute gross negligence, willful, wanton, reckless, malicious and/or intentional misconduct as such terms are understood in law.

46.    Such conduct was undertaken by Defendants in conscious disregard of the health and safety consequences to those residents / patients, such as Ms. Cook, entrusted to their care. Moreover, such conduct evidences such little regard for their duties of care, good faith, and fidelity owed to Shirley Cook as to raise a reasonable belief that the acts and omissions set forth above are the result of conscious indifference to Shirley Cook's rights and welfare.

47.    WHEREFORE, by reason thereof, Plaintiff also seeks punitive damages against Defendants in an amount to be determined by the jury, plus costs and any other relief to which Plaintiff is entitled by law.

10

## COUNT III

## VIOLATION OF THE TENNESSEE ADULT PROTECTION ACT ("TAPA")

48.     This is a claim for violation of the Tennessee Adult Protection Act,
codified at T.C.A. 71-6-101, *et. seq.*, which has arisen due to Defendants' ordinary
negligence and does **not involve** a decision, act, or omission based on medical science or
specialized training or skill. The acts or omissions complained of herein may be assessed
by the trier of fact based on common, everyday experiences. **The acts or omissions
complained of herein involve mere custodial neglect and not medical malpractice.**
*See Estate of French v. Stratford House,* 2011 Tenn. LEXIS 9 (January 26, 2011).

49.     At all times during her residency at the nursing home, Shirley Cook was
an "incapacitated person" as defined by the Tennessee Adult Protection Act, T.C.A. 71-6-
101, *et. seq.*

50.     Defendants were "caretakers" for Ms. Cook, as defined by TAPA, as they
assumed responsibility for the care of Ms. Cook pursuant to contract(s) or agreement(s).

51.     Accordingly, Ms. Cook was a member of the class that TAPA is intended
to protect.

52.     The following acts or omissions were committed by Defendants, none of
which require any medical training, assessment or diagnosis and thus do not constitute
medical malpractice, but which inflicted physical pain, injury, mental anguish, and/or
constituted a deprivation of services that were necessary to maintain the health and
welfare of Ms. Cook, thereby constituting "abuse and neglect" as defined by TAPA:

A.     Defendants abused and neglected Shirley Cook as defined by TAPA
during her residency;

B.     Defendants failed to provide sufficient non-licensed personnel to provide
basic custodial care (that is, care that does not require medical skill, training or expertise,
and is within the understanding of an ordinary lay person):

C.     Defendants deprived Shirley Cook of adequate sanitary, non-medical care;

D.     Defendants created an unsafe and unsanitary environment for Ms. Cook;

E.     Defendants inflicted physical pain, injury and mental anguish upon Ms.
Cook; and

F.     Defendants deprived Ms. Cook of the non-medical services necessary to maintain her health and welfare.

53.     Accordingly, the injuries suffered by Ms. Cook are the type that TAPA is designed to prevent.

54.     As a direct and proximate result of the aforementioned, non-medical acts and omissions of the Defendants, Shirley Cook suffered injuries, physical pain, mental suffering, disfigurement, and loss of enjoyment of life. As a further direct and proximate cause of Defendants' conduct, Shirley Cook required medical attention, thereby incurring medical expenses. Violations of TAPA were a proximate cause of Shirley Cook's injuries.

55.     Defendants' acts constituted "abuse or neglect" as defined by TAPA, and caused damages to Ms. Cook as heretofore described. Defendants' acts entitle Plaintiff to recover against Defendants both compensatory and punitive damages in an amount to be determined by the jury, attorney's fees pursuant to TAPA, plus costs and any other relief to which Plaintiff is entitled by law.

56.     Plaintiff seeks compensatory and punitive damages in an amount to be determined by a jury, plus costs, and any other relief to which Plaintiff is entitled to recover by law.

## COUNT IV

## IN THE ALTERNATIVE, NEGLIGENCE UNDER THE TENNESSEE MEDICAL MALPRACTICE ACT, T.C.A. 29-25-115, *ET. SEQ.*

57.     To the extent Shirley Cook's injuries were caused by medical negligence (rather than ordinary negligence) involving a decision, act, or omission based on medical science or specialized training or skill, and which required medical training, assessment or diagnosis, Plaintiffs bring a claim for medical malpractice.

58.     Plaintiffs hereby re-allege and incorporate the allegations of Paragraphs 1-31, and 45-47 as if fully set forth herein.

59.     Defendants owed a duty to residents, including Shirley Cook, to render care and services as a reasonably prudent and similarly situated healthcare provider would render, including, but not limited to, rendering care and services in a safe and beneficial manner.

12

60.     Defendants owed a duty to residents, including Shirley Cook, to hire, train and supervise licensed employees so that such employees delivered medical care and services to residents in a safe and beneficial manner.

61.     Defendants owed a duty to assist all residents, including Shirley Cook, in attaining and maintaining the highest level of physical, mental and psychosocial well-being.

62.     Defendants failed to meet the professional standard of care as described below and violated their duty of care to Shirley Cook through mistreatment, abuse and neglect. The medical negligence of Defendants includes, but is not limited to, the following acts and omissions requiring medical skill, training or expertise:

A.     Failure to conduct appropriate assessments to identify Shirley Cook's needs, including but not limited to: (i) Failure to properly assess Ms. Cook's risk for developing skin breakdown and/or pressure sores; (ii) Failure to properly assess Ms. Cook's risk for falling (iii) Failure to adequately monitor and assess Ms. Cook and recognize significant changes in her condition; and (iv) Failure to appropriately assess Ms. Cook's risk for untreated and unmanaged pain.

B.     Failure to develop, maintain and implement an adequate care plan for Ms. Cook that addressed her needs.

C.     Failure to develop, maintain and implement adequate nursing care plans, including necessary revisions, based on Ms. Cook's needs, including, but not limited to, prevention of pressure sores, prevention of falls, and prevention of unmanaged pain.

D.     Failure to ensure that nursing personnel followed an adequate nursing care plan for Ms. Cook;

E.     Failure to revise and update appropriate care plans to meet Ms. Cook's needs;

F.     Failure to provide care, treatment, and medication to Ms. Cook in accordance with her physician's orders;

G.     Failure to properly and timely notify Ms. Cook's attending physician of significant changes in her condition;

13

H.    Failure to timely notify Ms. Cook's family of significant changes in her condition;

I.    Failure to maintain medical records regarding Ms. Cook in accordance with accepted professional standards and practices that are complete, accurate, readily accessible, and systemically organized with respect to: (i) Ms. Cook's diagnosis; (ii) Ms. Cook's treatment; and (iii) the ongoing assessments and establishment of appropriate care plans of treatment for Ms. Cook;

J.    Failure to take reasonable steps to prevent, eliminate and correct deficiencies and problems in Ms. Cook's care;

K.    Failure to provide timely medical interventions to Ms. Cook, including but not limited to, use of fall prevention devices;

L.    Failure to provide proper supervision, assessment and treatment to Ms. Cook so as to prevent pressure sores, falls, fractures, and pain;

M.    Failure to provide the types and numbers of staff, including nursing personnel, to meet Ms. Cook's needs;

N.    Failure to provide adequate training to the nursing staff thereby failing to equip them to meet Ms. Cook's needs;

O.    Failure to provide adequate supervision to the nursing staff to ensure that they met Ms. Cook's needs;

P.    Failure to take appropriate measures to prevent Ms. Cook from developing avoidable infections;

Q.    Failure to take appropriate measures to prevent Ms. Cook from developing avoidable skin breakdown and pressure sores;

R.    Failure to provide Ms. Cook with a safe environment;

S.    Failure to provide prompt reporting and documentation of accidents and significant changes in Ms. Cook's condition;

T.    Failure to protect Ms. Cook from physical, mental and psychological harm;

U.    Failure to instruct and train staff concerning Ms. Cook's need for supervision and assistance to keep her safe from skin breakdown, pressure sores, falls, fractures, and other injuries;

14

V.   Failure to timely diagnose and treat changes in Ms. Cook's condition, including but not limited to, skin breakdown, pressure sores, unmanaged pain, falls and fractures; and

W.   Failure to timely transfer Ms. Cook to an acute care hospital for assessment, monitoring and treatment of changes in her physical and mental condition.

63.   A reasonably prudent healthcare provider, operating under the same or similar conditions, would not have violated the professional standard listed above. Each of the foregoing acts of Defendants' professional negligence was a proximate cause of Ms. Cook's injuries. Ms. Cook's injuries were all foreseeable to Defendants.

64.   Defendants' conduct in breaching the duties owed to Ms. Cook was negligent, grossly negligent, willful, wanton malicious, reckless and/or intentional.

65.   As a direct and proximate result of such negligent, grossly negligent, willful, wanton, reckless, malicious, and/or intentional conduct, Plaintiffs assert a claim for judgment for all compensatory and punitive damages against Defendants including, but not limited to, medical expenses, pain and suffering, mental anguish, disability and humiliation in an amount to be determined by the jury, plus costs and all other relief to which Plaintiff is entitled by law.

## COUNT V
## IN THE ALTERNATIVE, NEGLIGENCE PURSUANT TO THE TENNESSEE HEALTH CARE LIABLITY ACT, TENN. CODE. ANN. 29-26-101, *ET. SEQ.*

66.   To the extend that this Court determines that Shirley Cook's injuries occurred after October 1, 2011, and are subject to Tenn. Code. Ann. 29-26-101, *et. seq* as amended, Plaintiff brings a claim for violation of Tenn. Code Ann. 29-26-101, *et. seq*. as amended October 1, 2011. Plaintiff contends, however, that Tenn. Code. Ann. 29-26-101, *et. seq*. is unconstitutional, as amended October 1, 2011, under the Constitutions of the State of Tennessee and the United States, and violates due process, the separation of powers doctrine, and the inherent authority of the courts to protect the integrity of the proceedings and the rights of the litigants. The assertion of a cause of action under this statute should not be deemed a waiver of Plaintiff's right to challenge the constitutionality of the statute.

15

67. Plaintiff re-alleges and incorporates all prior allegations in paragraphs 1-66 as if fully set forth herein.

68. Defendants are "health care providers" within the meaning of Tenn. Code Ann. 29-26-102, and owed a duty to Shirley Cook to provide her healthcare services in a safe and beneficial manner.

69. Defendants breached their duties owed to Shirley Cook as previously set forth herein, thereby causing Ms. Cook to be injured as set forth in the Complaint.

70. Defendants' conduct in breaching the duties owed to Shirley Cook was negligent, grossly negligent, willful, wanton, malicious, reckless and/or intentional.

71. As a direct and proximate result of such negligent, grossly negligent, willful, wanton, malicious, reckless and/or intentional conduct, Shirley Cook was injured, for which Plaintiffs assert a claim for judgment for all compensatory and punitive damages against the Defendants, including, but not limited to, medical expenses, pain and suffering, mental anguish, disability, and humiliation in an amount to be determined by the jury, plus costs and all other relief to which Plaintiffs are entitled.

## COUNT VI
## SURVIVAL AND WRONGFUL DEATH CLAIM

72. Plaintiffs re-allege and incorporate by reference the allegations in paragraphs 1-71 as if fully set forth herein.

73. As a direct and proximate result of the acts or omissions of Defendants as set forth above, Shirley Cook suffered mental anguish, pain and suffering, and physical injuries which include, but are not limited to those described herein, including death.

74. As a further direct and proximate result of Defendants' conduct, Shirley Cook required medical attention and hospitalization, and incurred liability to pay reasonable and necessary charges for such.

75. As a direct, natural and proximate result of the acts or omissions of Defendants as set forth above, Shirley Cook died on December 20, 2011, thereby incurring reasonable and necessary charges for funeral and related expenses.

16

76. As a direct and proximate result of the previously alleged conduct, all of which was negligent, grossly negligent, will and wanton, outrageous, reckless, malicious, and/or intentional, Shirley Cook endured pain, suffering and death. Indeed, Shirley Cook suffered personal injury including excruciating pain and suffering, mental anguish, emotional distress, and humiliation, which includes, but is not limited to, that described herein.

77. Additionally, as a direct and proximate result of the previously alleged conduct, all of which was negligent, grossly negligent, will and wanton, outrageous, reckless, malicious, and/or intentional, Shirley Cook's family has suffered more than the normal grief of losing the life of their loved one, and accordingly seeks damages for loss of consortium, attention, guidance, care, protection, companionship, affection and love. Accordingly, Plaintiff is entitled to recover against Defendants compensatory and punitive damages based on the foregoing.

78. Plaintiff seeks compensatory and punitive damages against Defendants in an amount to be determined by the jury, plus costs and any other relief to which Plaintiff's are entitled by law.

## DAMAGES

79. Plaintiffs re-allege and incorporate the allegations of paragraphs 1-78 as if fully set forth herein.

80. As a direct and proximate result of the acts and omissions of the Defendants as set out above, Shirley Cook suffered injuries, including but not limited to, those described herein. As a result, Shirley Cook incurred significant medical expenses and suffered embarrassment, physical impairment, pain and suffering, mental anguish, and death.

81. To the extent Tenn. Code Ann. 29-39-101, *et. seq.* is asserted by Defendants or deemed applicable to the present case or controversy, Plaintiffs affirmatively aver that these statutory provisions are unconstitutional.

82. The Constitution of the State of Tennessee provides for:

    **(1) Right to Trial by Jury.**

    [T] right of trial by jury shall remain inviolate . . . .

    Tennessee Constitution, Art. 1, Sec. 6.

    **(2) Open Courts.**

    [A]ll courts shall be open; and every man, for an injury done him in his lands, goods, person or reputation, shall have remedy by due course of law, and right and justice administered without sale, denial or delay. Tenn. Constitution, Art. 1 Sec. 17.

    **(3) Separation of Powers.**

    The powers of the government shall be divided into three distinct departments: legislative, executive and judicial. Tenn. Constitution, Art. 2, Sec. 2.

83. The Constitution of the United States provides for:

    **(1) Right to Trial by Jury.**

    In suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any Court of the United States, than according to the rules of the common law. United States Constitution, Amendment VII.

    **(2) Due Process and Equal Protection.**

    . . .No State shall make or enforce any law which shall abridge the privileges or immunities of the citizens of the United States; . . . without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws . . . . United States Constitution, Amendment XIV.

84. Plaintiff asserts that Tenn. Code Ann. 29-39-101, et. seq., violates the Constitutions of the State of Tennessee and the United States by affecting the right to trial by jury, open courts, separation of powers, equal protection, and due process.

## TRIAL BY JURY REQUEST

85. Pursuant to the Tennessee Rules of Civil Procedure, Plaintiff demands a trial by jury as to all issues so triable.

## PRAYER FOR RELIEF

86. WHEREFORE, Plaintiffs prays for judgment against Defendants as follows:

A. For damages to be determined by the jury, in an amount exceeding the minimum jurisdictional amount of this Court and adequate to compensate Plaintiff for all the injuries and damages sustained in an amount not to exceed Two Million Dollars ($2,000,000.00);

B. For all general and special damages caused by Defendants' conduct;

C. For the costs of litigating this case;

D. For punitive damages sufficient to punish Defendants for their egregious conduct and to deter Defendants and others from repeating such conduct;

E. For attorneys' fees and costs pursuant to the Tennessee Adult Protection Act; and

F. For all other damages and other relief to which Plaintiff may be justly entitled.

Respectfully submitted,

_____
Jacob C. Parker, TN BPR 023993

THE PARKER FIRM
P.O. Box 21941
Chattanooga, Tennessee 37424-0941
T: 423.240.5120
F: 866.473.9634

NAHON, SAHAROVICH & TROTZ, PLC
Mark N. Geller, TN BPR 022797
488 South Mendenhall
Memphis, Tennessee 38117
T: 901.462.3353

19

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served via U.S. Mail upon the following individual on this _6ᵗˢ_ day of November 2012, with sufficient postage thereon to ensure delivery:

Robert E. Cooper, Jr.
Tennessee Attorney General
425 Fifth Avenue North
P.O. Box 20207
Nashville, Tennessee 37202-0207

_____
Attorney for Plaintiff

Case 3:12-cv-00641-TWP-CCS   Document 1-3   Filed 12/12/12   Page 31 of 54   PageID #: 38

# IN THE CIRCUIT COURT OF ROANE COUNTY, TENNESSEE

| | |
|---|---|
| ARCHIE COOK, JR., Individually and<br>On Behalf of the Wrongful Death Beneficiaries<br>Of SHIRLEY I. COOK,<br><br>      Plaintiff,<br><br>      vs.<br><br>SUN HEALTHCARE GROUP, INC,<br>SUNBRIDGE HEALTHCARE, LLC<br>SUNBRIDGE OF HARRIMAN, LLC, d/b/a<br>RENAISSANCE TERRACE CARE AND<br>REHABILIATION CENTER<br><br>      Defendants. | Case No. _____<br><br>Division _____<br><br>JURY DEMANDED |

## AFFIDAVIT OF SERVICE WITH CERTIFICATE OF MAILING

**STATE OF TENNESSEE:**
**COUNTY OF HAMILTON:**

In accordance with Tenn. Code Ann. 29-26-121, the undersigned attorney, having been duly sworn, states upon oath and affirmation as follows:

1.    I am over the age of eighteen (18) and am licensed to practice law in the States of Tennessee (BPR No. 23993) and Georgia (BPR No. 141411).

2.    I am one of the attorneys for the Plaintiffs in the above-captioned matter and have personal knowledge of the matters herein.

3.    On June 1, 2012, I mailed, via Certified Mail Return Receipt Requested, Notice Letters in accordance with Tenn. Code Ann. 29-26-121, to the Defendants listed above. Each letter was mailed to the recipient's agent for service of process and current business address.

4.    A copy of the Notice Letters, Certificates of Mailing issued by the United States Post Office on June 1, 2012, and Domestic Return Receipts are attached.

5.    The Notice Letters referenced above were timely mailed and the attorney has complied with Tenn. Code Ann. 29-26-121.

**FURTHER THE AFFIANT SAITH NOT.**

_____

Jacob C. Parker

**STATE OF TENNESSEE**
**COUNTY OF HAMILTON**

Before me personally appeared, Jacob C. Parker, Esq., to me known to be the person described in and who executed the foregoing instrument, and acknowledged that he executed the same as his free act and deed.

IN WITNESS WHEREOF, I have hereunto set my hand and official seal this 6th day of November 2012.

Notary Public

My Commission Expires: 3. 4. 2014



The PARKER FIRM

CHARACTER · COMPASSION · COMMITMENT

June 1, 2012

**VIA CERTIFIED MAIL RETURN RECEIPT REQUESTED**

Sun Healthcare Group, Inc.
101 Sun Avenue NE
Albuquerque, NM 87109

Sun Healthcare Group, Inc.
C/O CSC of Lea County, Inc.
1819 N. Turner St., Ste G
Hobbs, NM 88240

Sunbridge Healthcare, LLC
101 Sun Avenue NE
Albuquerque, NM 87109

Sunbridge Healthcare, LLC
C/O CSC of Lea County, Inc.
1819 N. Turner St., Ste G
Hobbs, NM 88240

Sunbridge of Harriman, LLC
101 Sun Avenue NE
Albuquerque, NM 87109

Sunbridge of Harriman, LLC
C/O Corporation Service Company
2908 Poston Avenue
Nashville, Tennessee 37203-1312

Sunbridge of Harriman, LLC
d/b/a Renaissance Terrace Care and Rehab
257 Patton Lane
Harriman, TN 37748

Re:  Notice of Potential Claim Under T.C.A. 29-26-121(a) and T.C.A. 29-26-122
     Patient/DOB/SSN:  Shirley I. Cook / 08-30-1937 / 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
     Claimant / Relationship to Patient:  Archie Cook, Jr. / Son and Next of Kin
     Claimant Address:  1648 Mountain View Rd, Rockwood, TN 37854

Dear Sir or Madam:

Be advised that the undersigned and Mark Geller of Nahon, Saharovich and Trotz, P.L.C. represent Archie Cook, Jr., and the wrongful death beneficiaries of Shirley I. Cook. Accordingly, we are the authorized agents of such claimants. Through counsel, said claimants may assert a potential claim for medical negligence, and other claims against various entities, individuals and healthcare providers, including the recipients of this letter. Shirley I. Cook was a resident of a skilled nursing facility known as Renaissance Terrace Care and Rehabilitation Center, located at 257 Patton Lane, Harriman, Tennessee, 37748 between February 8, 2009 and December 20, 2011.

It is believed that Shirley I. Cook was provided negligent care at Renaissance Terrace Care and Rehabilitation Center which caused her to suffer physical injuries, including but not limited to, a fractured hip, weight loss, dehydration, mental anguish, and physical pain and suffering. In short, on November 20, 2011 while under the care and supervision of Renaissance Terrace Care and Rehabilitation Center, Ms. Cook fell and fractured her hip. On December 20, 2011, Ms. Cook died due to the injuries suffered at the nursing home. Ms. Cook's Death Certificate lists her fall at the nursing home on November 20, 2011 as a cause of her death.

Attached as Exhibit "A" is a list of all healthcare providers to whom notice is being given pursuant to T.C.A. 29-26-121(a). Also attached as Exhibit "B" is a HIPAA compliant medical authorization permitting you to obtain complete medical records from each other provider identified in Exhibit "A." This HIPAA authorization does not waive the physician-patient privilege or permit *ex parte* communication with any healthcare provider.

Please have your professional liability insurance carrier's representative, or other appropriate person, contact me. Thank you for your timely attention to these matters.

Sincerely,

Jacob C. Parker

2

## EXHIBIT "A"

## LIST OF ALL HEALTHCARE PROVIDERS TO WHOM NOTICE IS BEING GIVEN PURSUANT TO T.C.A. 29-26-121(a)

**Re: Shirley Cook**

Below is a list of all healthcare providers to whom notice is being given, pursuant to T.C.A. 29-26-121(a), of a potential claim:

| | |
|---|---|
| Sun Healthcare Group, Inc.<br>101 Sun Avenue NE<br>Albuquerque, NM 87109 | Certified Mail Tracking No.<br>7011 1570 0002 9109 0922 |
| Sun Healthcare Group, Inc.<br>C/O CSC of Lea County, Inc.<br>1819 N. Turner St., Ste G<br>Hobbs, NM 88240 | Certified Mail Tracking No.<br>7011 1570 0002 9109 0939 |
| Sunbridge Healthcare, LLC<br>101 Sun Avenue NE<br>Albuquerque, NM 87109 | Certified Mail Tracking No.<br>7011 1570 0002 9109 0946 |
| Sunbridge Healthcare, LLC<br>C/O CSC of Lea County, Inc.<br>1819 N. Turner St., Ste G<br>Hobbs, NM 88240 | Certified Mail Tracking No.<br>7011 1570 0002 9109 0953 |
| Sunbridge of Harriman, LLC<br>101 Sun Avenue NE<br>Albuquerque, NM 87109 | Certified Mail Tracking No.<br>7011 1570 0002 9109 0960 |
| Sunbridge of Harriman, LLC<br>C/O Corporation Service Company<br>2908 Poston Avenue<br>Nashville, Tennessee 37203-1312 | Certified Mail Tracking No.<br>7011 1570 0002 9109 0977 |
| Sunbridge of Harriman, LLC<br>d/b/a Renaissance Terrace Care and Rehab<br>257 Patton Lane<br>Harriman, TN 37748 | Certified Mail Tracking No.<br>7011 1570 0002 9109 0984 |

3

## EXHIBIT "B"

### HIPAA COMPLIANT MEDICAL AUTHORIZATION

A HIPAA Compliant Medical Authorization executed by Archie Cook, Jr. is attached as Exhibit "B."

4



# NAHON SAHAROVICH & TROTZ, PLC
## ATTORNEYS AT LAW

488 SOUTH MENDENHALL · ,MEMPHIS,TN 38117
TELEPHONE (901) 683-2751 · FACSIMILE (901) 462-3350
WWW.NSTLAW.COM · TOLL FREE 1-800-LAW-4004

## AUTHORIZATION TO DISCLOSE EMPLOYMENT AND HEALTH INFORMATION

Client/Patient Name: Shirley I. Cook

Date of Birth: 08/30/1937

Social Security Number: 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

1. I authorize the use and disclosure of the above named individual's health and/or employment information described below to:

   Nahon, Saharovich & Trotz, PLC
   488 South Mendenhall Road
   Memphis, TN 38117
   (901) 683-2751

   and

   The Parker Firm
   1010 Market Street
   Suite 401
   Chattanooga, TN 37402
   (423) 240-5120

2. The following individual or organization is authorized to make the disclosure:

   _____

   Address: _____

   _____

   _____

3. The type and amount of information to be used or disclosed is as follows: (include dates where appropriate)

   ☑ entire records, from

   (date) 2-8-09 to (date) _present_ 12-20-11

   ☐ accompanying cost statements

   (date) _____ to (date) _present_____

   ☐ employment history records, lost wage statement.

   ☐ other _____

4. I understand that the information in my health record may include information relating to sexually transmitted disease, acquired immunodeficiency syndrome (AIDS), or human immunodeficiency virus (HIV). It may also include information about behavioral or mental health services, and treatment for alcohol and drug abuse.

5. The requested information may be disclosed physically and/or electronically in compliance with applicable HIPAA law and used by Nahon, Saharovich & Trotz, PLC and The Parker Firm for the purposes of, including but not limited to: filing, evaluating and resolving my personal injury claim; filing and paying claims made by federal and state subrogees; filing and paying claims made by subrogation carriers and lien holders. Information used or disclosed pursuant to this authorization may be subject to re-disclosure to representatives of liable parties and insurers as well as health insurance providers, Medicaid, Medicare and other medical payors or providers by the recipient, and no longer be protected.

6. I understand I have the right to revoke this authorization at any time. I understand if I revoke this authorization I must do so in writing and deliver my written revocation in person or by certified mail to the managing attorney for Nahon, Saharovich & Trotz, PLC. I understand the revocation will not apply to information that has already been released in response to this authorization. I understand the revocation will not apply to my insurance company when the law provides my insurer with the right to contest a claim under my policy. Unless otherwise revoked, this authorization will expire twelve (12) months from the date of its signing, below. A photocopy of this signed authorization may be used in lieu of the original.

7. I understand that authorizing the disclosure of this health and employment information is voluntary. I can refuse to sign this authorization, but such refusal may limit, prohibit or otherwise affect the ability of my attorneys in making, proving and paying any personal injury claims made on my behalf. I understand I may inspect or copy the information to be used or disclosed, as provided in CFR 164.524. I understand that a facility may not condition treatment, payment enrollment, or eligibility for benefits on whether or not I sign this authorization. I understand any disclosure of information carries with it the potential for an unauthorized re-disclosure and the information may not be protected by federal confidentiality rules. If I have questions or complaints about disclosure of my health information, I can contact Nahon, Saharovich & Trotz, PLC, Attention: Attorney David W. Hill, at (901) 683-2751.

X _Shirley C Cook J_
Signature of Client/Patient or Legal Representative

_June 1, 2012_
Date

_____
If Signed by Legal Representative, Relationship to Patient

_____
Signature          of          Witness

---

MEMPHIS    ·    JACKSON, TENNESSEE    ·    KNOXVILLE    ·    JACKSON, MISSISSIPPI    ·    JONESBORO, ARKANSAS

U.S. POSTAL SERVICE     **CERTIFICATE OF MAILING**

MAY BE USED FOR DOMESTIC AND INTERNATIONAL MAIL, DOES NOT PROVIDE FOR INSURANCE—POSTMASTER

Received From:

The Parker Firm

PO. Box 21941

Chattanooga, TN 37424

One piece of ordinary mail addressed to:

Sun Healthcare Group, Inc.

101 Sun Avenue NE

Albuquerque, NM 87109

PS Form 3817, Mar. 1989



**UNITED STATES POSTAL SERVICE ®**

**Certificate Of M**

This Certificate of Mailing provides evidence that mail has been presented to USPS® for
This form may be used for domestic and international mail

From:

The Parker Firm

PO. Box 21941

Chattanooga, TN 37424

To:

Sun Healthcare Group, Inc.

c/o CSC of Lea County, I.

1819 N. Turner St, Ste 6

Hobbs, NM 88240

PS Form **3817**, April 2007  PSN 7530-02-000-9065



 **UNITED STATES**
**POSTAL SERVICE** ®

## Certificate Of Mai

This Certificate of Mailing provides evidence that mail has been presented to USPS® for m
This form may be used for domestic and international mail

From:

The Parker Firm

PO. Box 21941

Chattanooga, TN 37424

To: Sunbridge Halthcare, LLC

701 Sun Ave, NE

Albuquerque, NM 87109

PS Form **3817**, April 2007  PSN 7530-02-000-9065




**UNITED STATES POSTAL SERVICE** ®

**Certificate Of Mai**

This Certificate of Mailing provides evidence that mail has been presented to USPS® for m
This form may be used for domestic and international mail

From:

The Parker Firm

PO. Box 21941

Chattanooga, TN 37424

To:  Sunbridge Healthcare, LLC

c/o CSC of Lea County,

1819 N. Turner st, Ste 6

Hobbs, NM 88240

PS Form **3817**, April 2007  PSN 7530-02-000-9065

PITNEY BOWES
$ 001.500
JUN 01 2012
MAILED FROM ZIP CODE 30726
0001706699
02 1P
UNITED STATES POSTAGE

 **UNITED STATES**
**POSTAL SERVICE** ®

**Certificate Of Mail**

This Certificate of Mailing provides evidence that mail has been presented to USPS® for m[
This form may be used for domestic and international mail

From:
The Parker Firm

P.O. Box 21941

Chattanooga, TN 37424

To: Sunbridge of Harriman, LLc

101 Sub Ave. NE

Albuquerge, NM 87109

PS Form **3817**, April 2007  PSN 7530-02-000-9065



PITNEY BOWES
$ 001.500
JUN 01 2012
MAILED FROM ZIP CODE 30726
02 1P
0001706699



**UNITED STATES POSTAL SERVICE** ®

**Certificate Of Mail**

This Certificate of Mailing provides evidence that mail has been presented to USPS® for ma
This form may be used for domestic and international mail

From:

The Parker Firm

PO. Box 21941

Chattanooga, TN 37424

To: Sunbridge of Harriman, LLC
c/o Corporation Service Co.
2908 Poston Ave.
Nashville, TN 37203 - 1312

PS Form **3817**, April 2007  PSN 7530-02-000-9065

PITNEY BOWES
$ 00 1 50
0001706699  JUN 01 2012
02 1P  MAILED FROM ZIP CODE 30726



**UNITED STATES POSTAL SERVICE** ®

**Certificate Of M**

This Certificate of Mailing provides evidence that mail has been presented to USPS® f
This form may be used for domestic and international mail.

From:

~~The Parker Firm~~

~~P.O. Box 21941~~

Chattanooga, TN 37424

To: Sunbridge of Harriman, LLC
d/b/a Renaissance Terrace Care +
257 Patton Lane
Harriman, TN 37748

PS Form **3817**, April 2007 PSN 7530-02-000-9065



02 1P
0001706699 JUN 01 2012
MAILED FROM ZIP CODE 30726

$001.50

UNITED STATES POSTAGE
PITNEY BOWES

# U.S. Postal Service™
# CERTIFIED MAIL™ RECEIPT
## (Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | .65 |
| Certified Fee | | 2.95 |
| Return Receipt Fee (Endorsement Required) | | 2.35 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 5.95 |

Postmark
Here

Sent To
Sun Healthcare Group, Inc

Street, Apt. No.; or PO Box No. 101 Sun Ave. NE

City, State, ZIP+4
Albuquerque, NM 87109

PS Form 3800, August 2006                    See Reverse for Instructions

7011 1570 0000 4074 2260

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insurance Coverage Provided)*

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ .65 |
| Certified Fee | 2.95 |
| Return Receipt Fee (Endorsement Required) | 2.35 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $5.95 |

Postmark Here

Sent To Sun Healthcare Group

Street, Apt. No.; or PO Box No. c/o CSC of Lea Co. (RA)

City, State, ZIP+4 Hobbs, NM 88240

PS Form 3800, August 2006                    See Reverse for Instructions

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
**(Domestic Mail Only; No Insurance Coverage Provided)**

For delivery information visit our website at www.usps.com®

# OFFICIAL USE

| | |
|---|---|
| Postage | $ 65 |
| Certified Fee | 2.95 |
| Return Receipt Fee (Endorsement Required) | 2.35 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.95 |

Postmark Here

Sent To: Sunbridge Healthcare LLC
Street, Apt. No.; or PO Box No.: 101 Sun Ave NE
City, State, ZIP+4: Albuquerque, NM 87109

PS Form 3800, August 2006                    See Reverse for Instructions

7011 1570 0000 4109 0946

# U.S. Postal Service™
## CERTIFIED MAIL™ RECEIPT
### (Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ .65 |
| Certified Fee | 295. |
| Return Receipt Fee (Endorsement Required) | 235 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.95 |

Postmark Here

~VILLE 30726

JUN 01 ?

USPS

Sent To _Sunbridge Healthcare LLC (RA)_

Street, Apt. No.; or PO Box No. _c/o CSC of Lea County_

City, State, ZIP+4 _Hobbs, NM 88240_

7011 1570 0000 4074 0453

PS Form 3800, August 2006

Case 3:12-cv-00641-TWP-CCS Document 7-11 Filed 11/27/12 Page 49 of 54 PageID #: See Reverse for Instructions

## U.S. Postal Service™
## CERTIFIED MAIL™ RECEIPT
### (Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ .65 |
| Certified Fee | 2.95 |
| Return Receipt Fee (Endorsement Required) | 2.35 |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ 5.95 |

Postmark Here

Sent To: Sunbridge of Harrina LLC

Street, Apt. No.; or PO Box No.: 101 Sun Ave NE

City, State, ZIP+4: Albuquerque, NM 87109

PS Form 3800, August 2006          See Reverse for Instructions

7011 1570 0002 9109 0960

# U.S. Postal Service™
# CERTIFIED MAIL™ RECEIPT
## (Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | |
|---|---|
| Postage | $ |
| Certified Fee | .65 |
| Return Receipt Fee (Endorsement Required) | 2.95 |
| Restricted Delivery Fee (Endorsement Required) | 2.35 |
| Total Postage & Fees | $ 5.95 |

Postmark Here

Sent To Sunbridge of Harriman LLC

Street, Apt. No.; or PO Box No. c/o CSC 2908 Porter Ave

City, State, ZIP+4 Nashville, TN 37203-1312

PS Form 3800, August 2006          See Reverse for Instructions

U.S. Postal Service™
CERTIFIED MAIL™ RECEIPT
(Domestic Mail Only; No Insurance Coverage Provided)

For delivery information visit our website at www.usps.com®

OFFICIAL USE

| | | |
|---|---|---|
| Postage | $ | 65 |
| Certified Fee | | 295 |
| Return Receipt Fee (Endorsement Required) | | 2.35 |
| Restricted Delivery Fee (Endorsement Required) | | |
| Total Postage & Fees | $ | 5.95 |

Postmark
Here

Sent To
Sunbridge of Harriman d/b/a Renaissance

Street, Apt. No.; or PO Box No.
Terrace 257 Patton Lane

City, State, ZIP+4
Harriman, TN 37748

PS Form 3800, August 2006          See Reverse for Instructions

7011 1570 0250 2000 4109 0984

Case 3:12-cv-00641-TWF-CCS Document [illegible] Filed [illegible]

## IN THE CIRCUIT COURT OF ROANE COUNTY, TENNESSEE

| | |
|---|---|
| ARCHIE COOK, JR., Individually and )<br>On Behalf of the Wrongful Death Beneficiaries )<br>Of SHIRLEY I. COOK, )<br> )<br>    Plaintiff, )<br> )<br>    vs. )<br> )<br>SUN HEALTHCARE GROUP, INC, )<br>SUNBRIDGE HEALTHCARE, LLC )<br>SUNBRIDGE OF HARRIMAN, LLC, d/b/a )<br>RENAISSANCE TERRACE CARE AND )<br>REHABILIATION CENTER )<br> )<br>    Defendants. ) | Case No. _____<br><br>Division _____<br><br>**JURY DEMANDED** |

### PLAINTIFF'S CERTIFICATE OF GOOD FAITH

In accordance with Tenn. Code Ann. 29-26-122, I hereby state the following:

1.     The Plaintiff or Plaintiff's counsel have consulted with one (1) or more experts who have provided a signed written statement confirming that upon information and belief they:

    A.  Are competent under 29-26-115 to express opinions in this case; and

    B.  Believe, based upon the information available from the medical records concerning the care and treatment of the Plaintiff for the incidents at issue, that there is a good faith basis to maintain the action consistent with the requirements of 29-26-115.

Jacob C. Parker
TN BPR No. 023993

2.    I have never been found in violation of Tenn. Code Ann. 29-26-122.

Jacob C. Parker
TN BPR No. 023993

THE PARKER FIRM
P.O. Box 21941
Chattanooga, Tennessee 37424-0941

T: 423-240-5120
F: 866-473-9634