UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| ARCHIE COOK, JR., Individually and on behalf of the wrongful death beneficiaries of Shirley I. Cook, )<br>)<br>)<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>SUN HEALTHCARE GROUP, INC., )<br>SUNBRIDGE HEALTHCARE, LLC, )<br>SUNBRIDGE OF HARRIMAN, LLC, d/b/a )<br>RENAISSANCE TERRACE CARE, and )<br>REHABILITATION CENTER, )<br>)<br>Defendants. ) | No. 3:12-CV-641<br>(Phillips) |

## **MEMORANDUM OPINION**

Plaintiff Archie Cook, Jr., brings this action to recover damages resulting from the wrongful death of his mother, Shirley I. Cook. Ms. Cook was a resident at a nursing home operated by defendants. This matter is before the court on plaintiff's motion to remand the case to state court on the grounds that the joinder of a non-diverse defendant has destroyed diversity jurisdiction. Defendants oppose remand. For the reasons which follow, plaintiff's motion to remand will be granted.

Plaintiff filed his initial complaint against defendants in the Circuit Court for Roane County, Tennessee, on November 8, 2012. Defendants removed the case to this

court based upon diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1). On December 19, 2012, plaintiff moved the court for leave to file an amended complaint, seeking to add an additional defendant, Melissa Ann Franklin, who was the licensed administrator for defendant Renaissance where defendant's mother was a resident and where she suffered the injuries leading to her death. Plaintiff states that on or about December 15, 2012, he discovered that Renaissance has been under the direction of Administrator Franklin at the time of the injuries alleged in his complaint. Plaintiff states that Franklin is a Tennessee resident and is a necessary party to this action. Because the parties are no longer diverse, plaintiff moves the court for an order remanding this case to the Circuit Court of Roane County, Tennessee.

Defendants respond that plaintiff's motion to remand should be denied because Melissa Franklin was fraudulently joined solely for the purpose of defeating jurisdiction. Defendants also argue that plaintiff's First Amended Complaint was untimely filed against Franklin on January 17, 2013, after the expiration of the statute of limitations.

No specific statute of limitations is contained in the Tennessee Wrongful Death Statutes, but Tennessee courts have uniformly applied the one-year statute on actions for personal injuries. *See* Tenn. Code Ann. § 28-3-104; *Jones v. Black*, 539 S.W.2d 123 (Tenn. 1976); *Collier v. Memphis Light, Gas & Water Dist.,* 657 S.W.2d 771 (Tenn.Ct.App. 1983). In this case, Shirley Cook died on December 20, 2011. Plaintiff filed his original complaint on December 12, 2012, and sought leave to amend his complaint on December 19, 2012, before the expiration of the one year statute of limitations. No

opposition was received to the motion, which the court granted on January 15, 2013, and plaintiff filed his First Amended Complaint naming Melissa Franklin as a defendant on January 17, 2013. Because plaintiff moved the court to amend his complaint prior to the expiration of the statute of limitations, the court finds the amended complaint timely filed under the Tennessee statute. *See Frazier v. East Tenn. Baptist Hosp, Inc.,* 55 S.W.3d 925, 929 (Tenn. 2001) (Once the plaintiff has filed its proposed amended complaint accompanied by a motion for leave to amend within the statutory period, the statute of limitations is tolled even though the court order granting leave to amend and the technical filing of the amended complaint occur after the running of the statute of limitations.)

Next, the court turns to the question of jurisdiction. In a case premised upon diversity jurisdiction, the parties must be citizens of different states. 28 U.S.C. § 1332(a)(1). A defendant may remove an action originally filed in state court to federal court on the basis of diversity jurisdiction "if there is complete diversity between all named plaintiffs, and all named defendants . . . ." *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005). In this case, at the time of removal, complete diversity existed between the named plaintiffs and all named defendants, and removal was proper.

However, even if removal was proper, "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Further, "if after removal, the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to state court." 28 U.S.C. §

3

1447(e). Persuasive authority counsels that in a situation such as this where an amended complaint is filed to include the identity of a previously unidentified defendant, diversity must be determined at the time of the filing of the amended complaint. As the leading civil procedure treatise explains:

> Although jurisdiction will not be ousted by a subsequent change in parties who are ancillary to the suit and whose presence . . . is not essential to an adjudication on the merits, a change in parties that goes to the very essence of the district court's ability to adjudicate the merits of the dispute effectively – most notably the addition of indispensable parties – may destroy it. The cases indicate that the court will take account of whether the plaintiff has been dilatory or is trying to destroy diversity, whether the plaintiff will be significantly disadvantaged if the amendment is not allowed, and whether remanding the action to the state court will prejudice the defendant.

14B CHARLES ALAN WRIGHT, ARTHUR R. MILLER, & EDWARD H. COOPER, FEDERAL PRACTICE AND PROCEDURE § 3723 (3d ed. 1998). *See also Curry v. U.S. Bulk Transport, Inc.,* (6th Cir. 2006) (substitution of Ohio residents for two John Doe defendants destroyed diversity and thus, district court's subject-matter jurisdiction).

Defendants allege that plaintiff joined Franklin for the sole purpose of destroying diversity jurisdiction. To establish fraudulent joinder, a removing party must demonstrate either "outright fraud in the plaintiff's pleading of jurisdictional facts," or that "there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court." *Hartley v. CSX Transp. Inc.*, 187 F.3d 422, 424 (4th Cir. 1999). Defendants argue that Franklin was fraudulently joined in this action because a state-law cause of action cannot be maintained against her after the expiration of the

4

applicable statute of limitations. However, as the court has found that the motion to amend the complaint was timely filed before the expiration of the statute of limitations, the amended complaint is also timely under the statute.

Plaintiff has alleged a valid cause of action against defendant Franklin. Plaintiff discovered that Franklin was the Administrator of the nursing home at the time Shirley Cook was injured. The First Amended Complaint alleges that Franklin, as the Administrator of the nursing home, was responsible for ensuring that the facility complied with state and federal regulations related to nursing facilities and had a duty to administrate the facility in a manner that enabled the use of resources effectively and efficiently to attain or maintain the highest practicable, physical, mental, and psychological well-being of each resident. The First Amended Complaint further alleges that the nursing facility, under the leadership of its Administrator, is required to operate and provide services in compliance with all applicable federal, state, and local laws, regulations, and codes. The First Amended Complaint further alleges that Franklin breached these duties of care to Shirley Cook and that these breaches caused her injuries, and ultimately, her death.

The First Amended Complaint specifically alleges that Franklin violated her duty to provide the minimum number of custodial staff necessary to care for the residents; to supervise, train, and evaluate the custodial staff; to provide Shirley Cook with basic and necessary custodial care and supervision; and to generally protect Shirley Cook from abuse and neglect. Thus, plaintiff states the negligence actions of Franklin caused or contributed to the injuries and death of Shirley Cook, and as such, Franklin was joined as

a necessary party. The joinder of an indispensable party defendant with the same citizenship as the plaintiff destroys jurisdiction under 28 U.S.C. § 1332. Because plaintiff and defendant Franklin are residents of Tennessee, diversity jurisdiction no longer exists. Accordingly, because the post-removal joinder of defendant Franklin destroys diversity jurisdiction in this matter, the case must be remanded to state court.

In sum, the court finds that plaintiff timely brought the motion to amend the complaint after discovering the identity of the joined defendant; the parties will be disadvantaged if they have to pursue claims arising out of the same occurrence in both state and federal court; and that defendants have not shown that they will be prejudiced by a remand of the case to state court. Accordingly, plaintiff's motion to remand [Doc. 8] is **GRANTED**, and this action is **REMANDED** to the Circuit Court for Roane County, Tennessee.

                                            **ENTER:**

                                            s/ Thomas W. Phillips
                                          United States District Judge